UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE McCANTS,

      Plaintiff,                                                           Case No. 04-74905

v.                                                                    Honorable John Corbett O'Meara

AT&T CORPORATION,

      Defendant.
_____/

## ORDER DENYING DEFENDANT'S SEPTEMBER 29, 2005
## MOTION FOR SUMMARY JUDGMENT

This matter came before the court on defendant AT&T's September 29, 2005 motion for summary judgment. Plaintiff Natalie McCants filed a response October 28, 2005; and Defendant filed a reply brief November 7, 2005. Oral argument was heard November 10, 2005.

## BACKGROUND FACTS

Defendant AT&T hired plaintiff Natalie McCants as a customer sales executive. She claims she was discriminated against in the terms and conditions of her employment because of her gender. Plaintiff alleges that Joseph Andreas, her supervisor, gave her clerical work to perform, refused to provide her the equipment necessary to perform her job, forbade her from communicating with the customer without his permission, and wrongfully appropriated sales opportunities she created and kept them for himself or gave them to Plaintiff's male co-workers. During a reduction in force, Plaintiff was the only employee in her "universe" that was terminated. She was also the only female employee in that group.

## LAW AND ANALYSIS

Plaintiff's gender discrimination claim is brought under Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"). The complaint alleges that Plaintiff's employer discriminated against in her employment in the following ways: 1) assigning her clerical tasks for the initial 18 months of her employment, 2) never assigning her to a business unit of the major client her sales team was serving, 3) leaving her out of office functions, 4) discouraging her from communicating with or interacting with customers, 5) failing to credit her with participation in sales projects, and 6) failing to give her commissions or credit for the work she performed.

Claims of employment discrimination brought pursuant to ELCRA are analyzed under the same evidentiary framework as claims of discrimination brought under Title VII. Jackson v. Quanex Corp., 191 F.3d 647, 658 (6th Cir. 1999). To establish a *prima facie* case of gender discrimination, a plaintiff must show that she was: 1) a member of the protected class, 2) subject to an adverse employment action, 3) qualified for the job, and 4) treated differently from similarly situated male employees for the same or similar conduct. Jacklyn v. Shering-Plough Healthcare Prods. Sales Corp., 176 F.3d 921, 928 (6th Cir. 1999). This framework is modified if the employee is discharged in connection with a reduction in force, in which case the employee's position is eliminated and she is not replaced by another employee. Scott v. Goodyear Tire & Rubber Co., 160 F.3d 1121, 1126 (6th Cir. 1998). Instead of establishing that she was replaced by a male, the plaintiff who is discharged as part of a reduction in force must present "additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons." Barnes v. GenCorp., 896 F.2d 1457, 1465 (6th Cir. 1990). The plaintiff

satisfies the fourth prong when she demonstrates that a "comparable non-protected person was treated better." Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344, 350 (1998).

Defendant argues that most of the alleged discriminatory conduct does not qualify as an adverse employment action. Not every act affecting an individual's employment can be considered an adverse employment action. Burlington Indus., Inc. v. Ellerth, 424 U.S. 742, 761 (1998). Simply because an employee is made unhappy by an action does not mean that she has identified and adverse action. Primes v. Reno, 190 F.3d 765, 767 (6th Cir. 1999). In this case it is true that some of Plaintiff's alleged discriminatory conduct does not rise to the level of an adverse action–being assigned clerical tasks such as writing proposals to customers, researching biographies of people at General Motors, and writing thank you notes on behalf of her supervisor. More serious, however, are her allegations that she was discriminated against because she was "not credited with participation in sales projects on which she worked, and did not receive commissions for the work performed or credit toward her performance goals." Complaint at ¶ 16. Those allegations also give rise to her claim that Defendant violated the Michigan Sales Representative Commissions Act as alleged in Count II of the complaint. The adverse action in this case, however, was Plaintiff's termination via Defendant's reduction in force.

"The guiding principle [in a reduction in force case] is that the evidence must be sufficiently probative to allow a fact finder to believe that the employer intentionally discriminated against the plaintiff because of [gender]." Barnes v. GenCorp., 896 F.2d at 1465. The reduction in force in this case required the selection of one employee from each "universe" in the Troy, Michigan branch in January 2003. That meant one employee each from the "A" band level, "B" band level, and "D" band level were selected for the FMP. Joseph Andreas, Plaintiff's supervisor prior to 2002, was

3

selected from the "D" band, Plaintiff from the "B" band, and Steve Feranti from the "A" band. Plaintiff was in the same universe as Robert Orwat, David Halsey, and Mike Vettraino. According to Evelyn Nagel's affidavit, Plaintiff was the lowest performer on the sales team in her universe. She was "missing in action" frequently, "did not turn in her details timely," and "always had a list of excuses . . . ." Nagel did not have the same problems with other members of the team. Ex. 10, ¶8.

To rebut Defendant's articulated, legitimate reasons for the employment action, Plaintiff is required to show by a preponderance of the evidence: 1) that the proffered reasons had no basis in fact, 2) that the proffered reasons did not actually motivate her discharge, or 3) that they were insufficient to motivate her discharge. Manser v. Diamond Shamrock Chem. Co., 29 F.3d 1078, 1084 (6th Cir. 1994). Furthermore, "[a] reason cannot be proved to be 'a pretext for discrimination' unless it is shown both that the reason was false and that discrimination was the real reason." St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (2003).

Plaintiff has provided evidence that she may not have been given credit for all of her sales. Plaintiff's Exs. I, J, U, and W. She was the only female who worked on that sales team and complains that the male members excluded her from participating in a golf outing and a Red Wings game. Therefore, a permissible inference arises that Plaintiff may have been the subject of sex discrimination. Genuine issues of material fact exist to preclude granting Defendant's motion for summary judgment on both Counts I and II.

## **ORDER**

It is hereby **ORDERED** that Defendant's September 29, 2005 motion for summary judgment is **DENIED.**


        s/John Corbett O'Meara
        John Corbett O'Meara
        United States District Judge


Dated:  November 14, 2005