UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE McCANTS,

      Plaintiff,                            Case No. 04-74905

v.                                      Honorable John Corbett O'Meara

AT&T CORPORATION,

      Defendant.

_____/

**ORDER DENYING PLAINTIFF'S APRIL 5, 2006 MOTION FOR SANCTIONS AND
REFERRING ISSUES FOR HEARING AND DETERMINATION**

    This matter came before the court on plaintiff Natalie McCants' April 4, 2006 Motion for

Sanctions. Defendant AT&T Corporation filed a response April 14, 2006; and Plaintiff filed a reply

April 17, 2006. Trial is set for Tuesday, April 25, 2006.

    Plaintiff's motion asks for the following relief: 1) an order excluding described documents

from evidence, 2) an order establishing liability of the defendant, 3) an order striking Defendant's

answer and entering a default against Defendant, and 4) an award of costs and attorney's fees. The

prayer for relief does not expressly ask for an order imposing sanctions (as the motion is styled), but

it does so implicitly. Plaintiff's motion also appears to ask for the exclusion from evidence of the

testimony of Lee Lehre because of Defendant's late disclosure of the name of this potential witness.

    The relief requested is, to say the least, inexact in phrase and terms not functionally accurate

such as requesting an order "disabusing" Defendant of something. What, attitude? Improper

procedure? Misconception?

    Plaintiff's motion, the brief supporting the motion, and reply to Defendant's response are

replete with strong adjectives and phrases such as: "to plaintiff's shock and surprise," "the more

egregious error," "A most egregious breakdown has occurred at bar," "Plaintiff has been at an extreme disadvantage in pursuing this case given the defense tactics," "its more egregious failure was its misrepresentation to counsel and to the Court," "in addition to handicapping her trial preparation, defendant's obfuscation is a classic ambush," "Their mode of operation was to delay production," "defendant produced only selected dribs and drabs of documentation," "[Defendant's] attempt to checkmate plaintiff in her presentation," "based on defendant's failure, and its contumacious conduct," and "the defendant at bar's attempt to use sand-bagged documents at trial." Much of this hyperbolic eloquence is not really helpful to the court, and some of it is probably inconsistent with the court's civility policies.

Having read the papers filed by Plaintiff and Defendant and being aware of the fact that trial is scheduled to commence one week from today, April 25 2006, the court is confronted with the assertion that Defendant has failed to answer Plaintiff's interrogatories in a manner which complies with the letter and spirit of the Federal Rules of Civil Procedure. Perhaps Plaintiff's assertion is generally correct. However, short of entering a blanket order granting Plaintiff the relief she requests or rejecting that request for relief altogether (perhaps subject to review again should the matter be brought up at trial), which the court believes it cannot and should not do at this time, the court concludes that the matter of Defendant's compliance, *vel non*, with the letter and spirit of the Federal Rules will be referred to Magistrate Judge R. Steven Whalen for whatever proceedings are necessary and appropriate to resolve, document by document, whether:

1. Plaintiff's interrogatories demanded production of the document(s) in question with sufficient accuracy so that Defendant, if responding in a manner consistent with the Rules, would have produced that document.

2

2. If the answer to #1 above is "yes," would the document, if produced, have been materially helpful to Plaintiff in preparing her case for trial or materially prejudicial to Plaintiff's interest in a way which would make it inappropriate for that document, on balance, to be admitted as evidence at trial?

3. Whether Defendant's defalcation, if any, in responding to interrogatories supports the imposition of appropriate sanctions and a determination of liability.

4. If yes, as to #3, what sanctions are recommended?

The trial, of course, must be adjourned to a date far enough ahead on the calendar to allow Magistrate Judge Whalen to complete the assigned work, the court to review the Magistrate Judge's determinations and file appropriate orders, and the parties time to prepare for trial.

As noted above, its appears that Plaintiff seeks to exclude the testimony of Lee Lehre. The trial being adjourned, Plaintiff may take Lehre's deposition, if she so desires, and after doing so may file an *in limine* motion, again if she so desires.

## **ORDER**

It is hereby **ORDERED** that Plaintiff's April 5, 2006 Motion for Sanctions is **DENIED.**

It is further **ORDERED** that the April 25, 2006 trial date is **ADJOURNED.**

It is further **ORDERED** that this matter is referred to Magistrate Judge Whalen pursuant to Rule 72(a) of the Federal Rules of Civil Procedure for hearing and determination consistent with the

directives outlined above.

s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge

Dated:  April 18, 2006